UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | | |
|---|---|---|
| STEPHANIE HEATON, }<br>ON BEHALF OF HERSELF AND }<br>ALL OTHERS SIMILARLY SITUATED, }<br>} | | |
| Plaintiff, } | Civil Action, File No. | |
| v } | | |
| } | | |
| CLIENT SERVICES, INC. AND }<br>CSI INTERCO, LLC, }<br>} | | |
| Defendants. } | | |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Stephanie Heaton [hereinafter "Heaton"], on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Client Services, Inc. [hereinafter "Client Services"] and CSI Interco, LLC [hereinafter "CSI"], and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Client Services' regular transaction of business within this district. Venue in this district also is proper based on Client Services possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Client Services also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Heaton is a natural person who resides at 23 Edwards Road, Mastic Beach, NY 11951.

6. Heaton is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about October 3, 2017, Client Services sent Heaton the letter annexed as Exhibit A. Heaton received and read Exhibit A. For the reasons set forth below, Heaton's receipt and reading of Exhibit A deprived Heaton of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, Client Services sent Exhibit A to Heaton in an attempt to collect a past due debt.

9. The past due debt referred to in Exhibit A was based on Plaintiff, as an individual, being issued credit for her individual use, individually incurring charges by using the credit and then, as an individual, failing to pay for this credit. Client Services, via Exhibit A, attempted collect the past due debt from Heaton in her individual capacity. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Client Services is a Missouri Corporation.

11. Based upon Exhibit A and upon Client Services possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of Client Services is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to

collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

12. On Exhibit A, Client Services identifies itself as a "debt collector" attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

13. Based upon the allegations in the above two paragraphs, Client Services is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

14. CSI is a North Carolina Limited Liability Company.

15. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes "corporations" and "companies". See 1 USC 1.

16. CSI wholly owns one or more subsidiaries which are a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA. Upon information and belief, CSI directs and/or requires and/or allows CSI's wholly owned "debt collectors" subsidiaries to carry out collection efforts on CSI's behalf and for the sole benefit of CSI; CSI always possesses the beneficial interests in the collection accounts which CSI's wholly owned "debt collectors" attempt to collect.

17. Based on the above, the principal purpose of CSI is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be

owed or due to another.

18. Based on the above, CSI is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

19. Client Services is a wholly owned subsidiary of CSI.

20. Upon information and belief, CSI, a "debt collector", directs and/or requires and/or allows CSI's wholly owned subsidiaries such as Client Services to carry out collection efforts on CSI's behalf and for the sole benefit of CSI; CSI always possesses the beneficial interests in the collection accounts which Client Services attempts to collect; and CSI directly actively participates in and/or controls and/or supervises the debt collection efforts of Client Services. For the above reasons, CSI is vicariously liable for the actions of Client Services.

21. All the actions alleged in this Complaint taken by Client Services were taken by Client Services as an agent of or "debt collector" for the "debt collector" CSI.

22. Based on the allegations in the above three paragraphs, CSI is vicariously liable for the actions of Client Services set forth in this Complaint.

## FIRST CAUSE OF ACTION-CLASS CLAIM

23. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-22 of this Complaint.

24. Exhibit A does not identify in any manner or does not clearly, effectively, or properly identify the "creditor" and/or the entity to whom the alleged debt allegedly is owed or on whose behalf Client Services was attempting to collect the alleged debt.

25. Based on the above, Defendants violated 15 USC § 1692e, and 15 USC § 1692e(10) as a result of Client Services sending Exhibit A to Heaton.

## SECOND CAUSE OF ACTION-CLASS CLAIM

26. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-22 of this Complaint.

27. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## THIRD CAUSE OF ACTION-CLASS CLAIM

28. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-22 of this Complaint.

29. Defendants violated of 15 USC 1692g as a result of Client Services sending Exhibit A to Heaton.

## CLASS ALLEGATIONS

30. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

31. The class consist of (a) all natural persons (b) who received a letter from Client Services dated between October 3, 2017 and the present to collect a past due consumer debt, (c) in a form materially identical or substantially similar to Exhibit A

32. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

33. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

34. The predominant common question is whether Defendant's letters violate the FDCPA.

35. Plaintiff will fairly and adequately represent the interests of the class members.

36. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

37. A class action is the superior means of adjudicating this dispute.

38. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendant in favor of Plaintiff and the class members for statutory damages in an amount to be determined at trial, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:      October 2, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107